

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

**MEMO ENDORSED**

March 11, 2024

**BY EMAIL AND ECF**
The Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Mittal et al.*, 23 Civ. 10858 (JGLC)

Dear Judge Clarke:

    We write respectfully on behalf of the Criminal Division of the United States Attorney's Office for the Southern District of New York (the "Government"), and with the consent of defendants in the above-captioned case (the "Civil Case") Niranjan Kumar Mittal, M.D.; Niranjan K. Mittal, Physician, PLLC d/b/a Carecube; and New York Pet Imaging Center LLC (collectively, the "Mittal Defendants"), to request that the Court stay the Civil Case, including Rule 26(a)(1) and other discovery, due to the pending criminal charges against defendant Niranjan Mittal, *see United States v. Mittal*, 23 Cr. 648 (RA) (the "Criminal Case").[1]

### I.    Background

    On or about December 14, 2023, indictment 23 Cr. 648 (RA) (the "Indictment") was unsealed, charging Niranjan Mittal in four counts: conspiracy to commit health care fraud and wire fraud, substantive health care fraud, conspiracy to violate the Anti-Kickback Statute, and a substantive violation of the Anti-Kickback Statute. A copy of the Indictment is attached as Exhibit A. On the same day, a civil complaint (the "Civil Complaint") was filed in the Civil Case. Both the Indictment and the Civil Complaint allege that Mittal carried out a scheme in which he fabricated patient records and advised patients to undergo medically unnecessary vascular

---

[1] The remaining defendant in the Civil Case, Divanshu Bansal, has not yet been served. The Government understands that Bansal left the country before the Civil Case was filed and has not returned. The Assistant United States Attorneys involved in the Civil Case have communicated with an attorney who represented Bansal in connection with the investigation that led to the Criminal Case and notified counsel of the filing of the Civil Case. However, counsel responded that he does not represent Bansal in connection with the Civil Case and, therefore, declined to accept service of the complaint in the Civil Case on Bansal's behalf. The Government has not been notified that Bansal has any other counsel in connection with the above-captioned matter. As a result, Bansal has not yet been served in the Civil Case, and the Government does not know his position on the instant motion.

procedures, in order to bill insurers, including Medicaid and Medicare, for millions of dollars. Both the Indictment and Civil Complaint also allege that Mittal engaged in a kickback scheme in which he paid medical professionals to refer patients to Mittal and his medical clinics, disguising those payments to referring providers as "rent" payments purportedly made pursuant to sham lease agreements.

Mittal was arrested in connection with the Criminal Case on December 14, 2023 and is presently released on bail conditions. A status conference in the Criminal Case is scheduled for March 18, 2024, at which Judge Abrams has indicated that she will set a schedule for pretrial motions and a trial date.

## II.    A Stay of the Civil Action is Warranted

The Court has the inherent power to stay a civil proceeding in the interests of justice pending the completion of parallel criminal proceedings. *See Kashi* v. *Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal citations and quotations omitted).

> When considering whether to grant a stay, courts balance the following factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest.

*SEC* v. *Treadway*, No. 04 Civ. 3464 (VM)(JCF), 2005 WL 713826, at *2-*3 (S.D.N.Y. Mar. 30, 2005) (quoting *In re Worldcom, Inc. Secur. Litig.*, Nos. 02 Civ. 3288, 02 Civ. 4816, 2002 WL 31729501, at *4 (S.D.N.Y. Dec. 5, 2002)); *see also Volmar Distrib., Inc.* v. *New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (listing similar factors). "Balancing these factors is a case-by-case determination." *Volmar Distrib.*, 152 F.R.D. at 39. An analysis of these factors in this case weighs in favor of granting the stay sought here.

### A.    The Extent of Overlap

The identity of issues underlying the cases here weighs heavily in favor of a stay. "The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." *Volmar Distrib.*, 152 F.R.D. at 39 (*citing* Judge Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (S.D.N.Y. 1989)); *see also Parker v. Dawson*, No. 06 Civ. 6191 (JFB), 2007 WL 2462677, at *4 (Aug. 27, 2007 E.D.N.Y.) (same); *United States* v. *One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("Where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter.").

Here, the Civil Case concerns, in large part, the same alleged health care fraud scheme and anti-kickback violations that are the subject of the Indictment in the Criminal Case—namely, the

billing of medically unnecessary vascular procedures, the fabrication of patient records to justify these procedures, and the payment of kickbacks to doctors for patient referrals under the guise of sham lease agreements for office space.[2]

### B. The Status of the Criminal Case

The return of an indictment in the criminal case is also a factor that weighs in favor of a stay. As the Court explained in *Trustees of Plumbers and Pipefitters Nat'l Pension Fund, et al. v. Transworld Mechanical, Inc.*:

> A stay of a civil case is most appropriate when a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved.

886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

### C. The Potential Prejudice to the Parties

There is very little, if any, prejudice to the parties that would result from the stay of the Civil Case and, in fact, the Mittal Defendants consent to this request. This makes sense: defendants in criminal cases typically have an interest in not being deposed during discovery in parallel civil proceedings because, if they assert their Fifth Amendment privilege, an adverse inference may be drawn against them in the civil litigation. *See Baxter* v. *Palmigiano*, 425 U.S. 308, 318 (1976) (noting that the Fifth Amendment does not forbid adverse inferences against parties to civil actions). In addition, as one district court noted, "[t]he specter of parties and witnesses invoking their Fifth Amendment rights would render discovery largely one-sided; the SEC would produce scores of documents and witness testimony only to be precluded from gathering reciprocal discovery from the defendants." *SEC* v. *Nicholas*, 569 F. Supp. 2d. 1065, 1070 (C.D. Cal. 2008); *see also SEC* v. *Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2006) (JSR) (noting that in a prior civil case, *SEC* v. *The Oakford Corporation*, 181 F.R.D. 269 (S.D.N.Y. 1998) (JSR), Judge Rakoff had stayed deposition discovery because there was a high likelihood that invocations of the Fifth Amendment privilege would "play havoc with the orderly conduct" of the depositions, but allowed depositions to proceed in *Saad* because none of the defendants was going to invoke the Fifth Amendment privilege). In this instance, granting a stay of the Civil Case would benefit the Mittal Defendants, since it would, for now, prevent Mittal from having to choose between being prejudiced in the Civil Case by the assertion of his Fifth Amendment rights or being prejudiced in the Criminal Case if he waives those rights.

### D. The Public Interest

The Government and the public have an important interest in ensuring that civil discovery

---

[2] The Civil Case also alleges that the defendants billed Medicare and Medicaid for a range of medically unnecessary cardiac diagnostic imaging studies, in addition to the vascular procedures.

is not used to circumvent the restrictions that pertain to criminal discovery; therefore, this factor also weighs in favor of staying the Civil Case.

Courts repeatedly have recognized that a civil litigant should not be allowed to use civil discovery to avoid the restrictions that would otherwise pertain in criminal discovery to a criminal defendant. *See SEC* v. *Beacon Hill Asset Management LLC*, No. 02 Civ. 8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "[t]he principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); *Phillip Morris Inc.* v. *Heinrich*, No. 95 Civ. 328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (explaining that, without a stay, defendants "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); *Governor of the Fed'l Reserve System* v. *Pharaon*, 140 F.R.D. 634, 639 (S.D.N.Y. 1991) ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal trial") (quoting *Campbell* v. *Eastland*, 307 F.2d 478, 487 (5th Cir. 1952)); *In re Ivan F. Boesky Securities Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil litigant"). The Government is complying with its discovery obligations in the Criminal Case; however, a trial date has not yet been set in that case and, therefore, the Government has not fully produced the statements of Government witnesses, as it will be required to do consistent with 18 U.S.C. § 3500. The public policy against premature disclosure of a criminal case is so strong that courts are without power to order early production of witness statements. *See United States v. Taylor*, 802 F.2d 1108, 1117-18 (9th Cir. 1986). Therefore, the public interest militates in favor of a stay.

E. The Interests of the Courts

Considerations of judicial economy also weigh in favor of granting a stay. The resolution of the criminal case will likely simplify the civil action. *Nat'l Union Fire Ins. Co. v. Sun*, No. 96-9020, 1997 U.S. App. LEXIS 6174, at *4 (2d Cir. April 2, 1997) ("It is well established that a criminal conviction may act to collaterally estop a litigant from challenging in a subsequent civil action issues decided in that prosecution") (citing *Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996)); *cf. SEC* v. *Contorinis*, No. 09 Civ. 1043, 2012 WL 512626, at *3 (S.D.N.Y. Feb. 3, 2012) ("Courts in this district have consistently found that a defendant convicted of securities fraud in a criminal proceeding is collaterally estopped from relitigating the underlying facts in a subsequent civil proceeding."); *Twenty First Century Corp.* v. *LaBianca*, 801 F. Supp. 1007, at *1010 (E.D.N.Y. 1992) (recognizing judicial economy as a factor to be considered); *Brock* v. *Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that resolution of the criminal case "might reduce scope of discovery in the civil case or otherwise simplify the issues"). Accordingly, the requested stay will serve the interests of judicial economy, by clarifying the issues that remain pending in the Civil Case after resolution of the Criminal Case—if any.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court stay the Civil Case until the completion of the trial or other disposition in the Criminal Case.

> DAMIAN WILLIAMS
> United States Attorney for the
> Southern District of New York
>
> By:   /s/
> Patrick R. Moroney
> Matthew Weinberg
> Assistant United States Attorneys
> (212) 637-2330/-2386

cc: All Counsel (by ECF)

Application GRANTED. This case is stayed until the completion of the trial or other disposition in the criminal case. The parties are directed to file a status letter within six months or at the disposition of the criminal case, whichever is sooner. The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: March 12, 2024
          New York, New York